## LEWIS v. HOFFMAN.

(Supreme Court, Appellate Division, Second Department.   October 26, 1900.)

1. HUSBAND AND WIFE—ALIENATION OF AFFECTION—EVIDENCE—SUFFICIENCY.
    Plaintiff was married in 1877, and lived happily with his wife for 18 years.   In 1890 plaintiff and wife became intimate friends of defendant and wife, exchanging visits, and plaintiff's wife accompanying defendant and his wife to the theater and other places of amusement.   Later defendant and his wife separated, and plaintiff moved, with his family, into defendant's house, and defendant lived with them.   Plaintiff's wife continued to go to the theater and to church with defendant, and defendant made her presents, among which was a diamond ring of his deceased sister, and, on plaintiff forbidding them to go out together, they refused to comply.   *Held,* that the evidence justified a verdict in favor of plaintiff in an action for alienation of affection.

2. SAME—HARMLESS ERROR.
    Where, in an action for alienation of affection, evidence had been introduced that plaintiff forbade his wife from going to the theater and other places with defendant, the admission of evidence that plaintiff forbade their going out together on a particular occasion was not prejudicial to defendant, though the conversation did not occur in his presence, where direct notice thereof was given by plaintiff to defendant.

Appeal from special term.

Action by William S. Lewis against Charles Hoffman, Jr.   From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Frederick B. House (Louis J. Vorhaus, on the brief), for appellant.
Sol. Kohn, for respondent.

WOODWARD, J.   This action is brought to recover damages for the alleged alienation of the affections of plaintiff's wife by the defendant.   Upon the trial evidence was offered in support of the allegations of the complaint, from which the jury were justified in drawing the inferences necessary to establish the cause of action under the rule laid down in Buchanan v. Foster, 23 App. Div. 542, 48 N. Y. Supp. 732.   This was the state of the case when the learned trial court denied a motion for a nonsuit at the close of plaintiff's evidence, and the witnesses who were called by the defendant in a measure corroborated and strengthened the case made by the plaintiff.   Briefly, the facts established were as follows:   The plaintiff was married in 1877, two sons, aged 18 and 19 years, respectively, being the result of the union.   About 1890 the plaintiff and his wife met the defendant and his wife, and an intimacy sprang up between the families.   They visited back and forth, the plaintiff and defendant calling each other's wives by their given names, and the plaintiff's wife accompanying the defendant and his wife to various places of amusement.   Subsequently the defendant and his wife, for reasons which do not appear in the record, separated, the wife leaving the home.   The intimacy on the part of the defendant and the plaintiff's family continued, and when the defendant was ill the plaintiff's wife, with the knowledge and consent of the plaintiff, carried him soups and delica-

cies, and for a time nursed him. Later, at the suggestion of the defendant (whether first made to plaintiff or to his wife appears uncertain), the plaintiff moved into defendant's house with his family, and plaintiff's wife, as had theretofore been the case, continued to go out with the defendant to baseball games, the theater, a local club, and to church. The defendant made certain presents to plaintiff's wife, among them a diamond ring which had belonged to his deceased sister, and had made a generous provision in his will for her. These things all appear to have been done with the passive assent, at least, of the plaintiff. There came a time when he forbade any further relations between the defendant and his wife, but this does not appear to have resulted in any change of conduct on the part of the defendant. On one occasion, at least, the defendant and plaintiff's wife, in the presence of an absolute command of the plaintiff to the contrary, went out to church, leaving the plaintiff at home. It was in evidence that for a period of 18 years the plaintiff and his wife had lived happily together, but the defendant, under his general denial, introduced evidence tending to show that there was an estrangement between plaintiff and his wife prior to the removal to the house of the defendant. It appears, however, from the uncontradicted evidence of the plaintiff, that, while his wife had not occupied the same bed with him for some little time before removing to defendant's residence, they continued to cohabit for a space of several months after the removal. It seems clear to us that, with the presumption of an original affection existing between the husband and wife, supported by the testimony of the plaintiff and corroborating witnesses, there was no evidence in the case which would warrant the jury in reaching the conclusion that the plaintiff's wife was estranged from her husband by any of the incidents related, and which do not appear entirely reasonable. At any rate, the jury, upon a conflict of evidence, have found the facts necessary to establish the plaintiff's cause of action, and, unless there is error of law in the case, the judgment must be affirmed.

While there might be cases in which the court would be justified in looking into matters not raised by objections and exceptions, we are of opinion that this is not a case calling for such action. The only questions necessary to be considered relate to the admission of evidence, and as to these we are of opinion that they do not present reversible error. One objection and exception related to the testimony of the plaintiff as to a conversation between himself and his wife, in which he forbade her going out with the defendant. This was objected to on the ground that it was not in the presence of the defendant. The matter was inquired into by the court, and it appeared that the defendant was in the house, with the doors open between the apartments, and that the conversation was carried on in a high tone of voice, so that the witness was "satisfied that Hoffman heard it"; and in substance the same language was used to the defendant in person immediately afterwards, the plaintiff going directly to his room, and forbidding any further intercourse between his wife and the defendant. It is difficult to imagine how the defendant could have been prejudiced by the admission of this testimony, even if it

be conceded that he did not hear it, for the same evidence in effect
was brought into the case by the testimony that the plaintiff forbade
him going out with his wife. This was the essential point; and
whether the defendant was made aware of the command by over-
hearing the conversation narrated, or by the direct notice given by
the plaintiff, is not very material. It was also proper as evidence
that the plaintiff did not consent to his wife going out on this par-
ticular occasion.

The other exceptions have been examined, and we are of opinion
that they are without merit, and that the judgment and order ap-
pealed from should be affirmed.

The judgment and order appealed from should be affirmed, with
costs. All concur.